PAUL NGUYEN
9353 Bolsa Ave #F8
Westminster, CA 92683
Telephone: (657) 254-7579
Email: p2011nguyen@gmail.com

*Secured Creditor*

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN JOSE DIVISION

| | |
|---|---|
| In Re:<br><br>TERI NGUYEN;<br><br>                Debtor. | Case No.: 22-50853 (MEH)<br><br>Hon. M. Elaine Hammond<br><br>Chapter 13<br><br>**MOTION TO DISMISS CHAPTER 13 WITH PREJUDICE**.<br><br>Date:   TBD<br>Time:  TBD<br><br>Place: Via Zoom<br>        280 South First St.<br>        Courtroom 11<br>        San Jose, CA 95113-3099 |

//

//

//

//

//

## Table of Contents

I. INTRODUCTION .................................................................................................................. 4

II. FACTUAL BACKGROUND .............................................................................................. 6

DEFAULT HISTORY AND ACTIONS IN STATE COURT. ................................................................. 6

DEBTOR'S BANKRUPTCY LEGAL ACTIONS. ............................................................................... 9

BANKRUPTCY FILED ON EVE OF ENTRY OF JUDGMENT AND FORECLOSURE SALE. .............. 9

III. DISCUSSION ..................................................................................................................... 10

A. THE COURT SHOULD DISMISS THIS CASE FOR "CAUSE" UNDER SECTION 1307(C). .................. 10

IV. CONCLUSION .................................................................................................................. 12

# TABLE OF AUTHORITIES

**Cases**

*In re Duran,* 630 BR 797 (Bankr. Appellate Panel, 9th Circuit 2021) ...........................................................11

*In re Ho*, 274 BR 867 (Bankr. Appellate Panel, 9th Circuit 2002) ................................................................11

*In re Phoenix Piccadilly, Ltd.*, 849 F.2d 1393 at 1394 (11th Cir. 1988) ........................................................11

*In re St. Paul Self Storage Ltd. P'ship*, 185 B.R. 580, 582-83 (9th Cir. BAP 1995) .......................................11

*Marsch v. Marsch* (*In re Marsch*), 36 F.3d 825, 828 (9th Cir. 1994) ............................................................11

**Cases**

California *Civil Code* § 2938 .........................................................................................................................7

CCP § 473(b) ...................................................................................................................................................7

*In re Dixie Broad., Inc.*, 871 F.2d 1023, 1029 (11th Cir. 1989) ....................................................................11

Secured Creditor Paul Nguyen ("Secured Creditor" or "Movant" or "Paul") moves this Court for an order to dismiss this Chapter 13 pursuant to 11 U.S.C § 1307(c) for cause and with prejudice under 11 U.S.C § 349(a).

Secured Creditor holds the original Promissory Note dated 07/28/2011, in the principal amount of $215,000.00, which is secured by the Deed of Trust signed by Teri H. Nguyen ("Teri" or "Debtor") and Vinh D. Nguyen a/k/a Vince D. Nguyen ("Vinh" or "Vince"), as Trustees of Nguyen-Ha Living Trust Dated 12/10/2004 ("Nguyen-Ha Living Trust" or "Borrowers") and recorded in Santa Clara County Recorder on 08/25/2011 as instrument number 21291910. True and correct copies of the Promissory Note and Deed of Trust are attached to Decl. of Movant as **Exhibit "1" and "2"**, respectively.

Nguyen-Ha Living Trust sold the Property to Empire Investments LLC ("Empire") on or about September 2011. True and correct copy of Grant Deed is attached to Decl. of Movant as **Exhibit "3"**. When property is "held in trust," there is a divided ownership of the property, "generally with the trustee holding legal title and the beneficiary holding equitable title." *Boshernitsan v. Bach* (2021) 61 Cal.App.5th 883. In this case, Teri and Vinh as Trustees passed both legal and equitable title to Empire as the buyer.

I. **INTRODUCTION**

Empire purchased the subject "Property" on or about September 2011 from Nguyen-Ha Living Trust. As part of the purchased, Nguyen-Ha Living Trust assigned all outstanding encumbrances to Empire. Secured Creditor holds a perfected lien on the Property and related rent assignment securing a loan in the original principle amount of $215,000.00 executed by Teri and Vinh as Trustees of Nguyen-Ha Living Trust. Movant, as secured creditor initiated non-judicial foreclosure against the Property due to non-payment of the loan.

On 04/7/2021, Empire and Nguyen-Ha Living Trust filed a lawsuit in Santa Clara Superior Court against Secured Creditor for Declaratory Relief, Slander of Title, Cancellation of

Instrument, Breach of Contract, Violation of *Civil Code* § 2924, Quiet Title, Unjust Enrichment and Violation of Bus. & Prof. Code. The case is known as *Empire Investments LLC et.al. v Paul Kim Phong Nguyen et.al.*, Case No. 21CV379828. The Court granted Secured Creditor's demurrer to Second Amended Complaint without leave to amend. A judgment of dismissal with prejudiced was entered on 09/20/2022. Movant resumes foreclosure sale of the Property which was scheduled for hearing on 09/12/2022.

Empire and Nguyen-Ha Living Trust motioned the Court multiple times with injunction to stop the foreclosure which were denied by the Court. Empire and Nguyen-Ha Living Trust filed a new case in the same court in a matter known as *Empire Investments LLC et.al. v Paul Kim Phong Nguyen et.al.*, Case No. 22CV398824. Debtor and Borrowers initiated a new round of Temporary Restraining Order ("TRO") and OSC re preliminary injunction to stop the foreclosure sale in which the Court again denied.

Empire and Nguyen-Ha Living Trust requested the appeal court to intervene with a Writ of Mandate and at the same time filing a notice of appeal falsely claimed that the case is final. Two (2) days later, on July 24, 2022, in a flagrant attempt to derail the entry of judgment of dismissal with prejudice, Empire filed a skeleton petition commencing a chapter 11 bankruptcy case (*In Re Empire*, Northern District of California Case No. 22-50645, assigned to Hon. Stephen L. Johnson). Empire petition was prepared and signed by Teri Nguyen as a purported LLC Manager. On 09/22/2022, this Court orally ruled that Empire bankruptcy filing was in bad faith and issued an order of dismissal for cause on the same day.

For reasons discussed below, Movant requests for an order determine that the property commonly known as 12329 Kosich Place, Saratoga, CA 95070 ("Property") is not part of Bankruptcy Estate under 11 U.S. Code § 541. Therefore no automatic stay under 11 U.S. Code § 362 as to such Property. In addition, Movant further requests that if such Property is part of Bankruptcy Estate under 11 U.S. Code § 541, an order In Rem Relief from Stay under 11 U.S.C.

§§ 362(d)(1) and 362(d)(4).

II.     **FACTUAL BACKGROUND**

Empire owns the Property, a single family residence, by way of grant deed executed by Nguyen-Ha Living Trust on or about 09/13/2011.  See Paul Decl., **Exhibit "3"**.  Secured Creditor is the holder of a promissory note ("Note") dated 07/28/2011, in the principal amount of $215,000.00.  See Declaration of Paul Nguyen ("Paul Decl."), filed herewith, **Exhibit "1"**.  The Note is secured by a Deed of Trust signed by trustees of Nguyen-Ha Living Trust and recorded with Santa Clara Recorder.  See Paul Decl., **Exhibit "2"**.

Empire has one member with 100% interest, Justin Nguyen ("Justin").  See Empire's List of Equity Security Holders, Case No. 22-50645 **ECF Doc# 36**, Page 21).  Justin executed a Preliminary Change of Ownership Report and filed with County of Santa Clara on 09/09/2011.  See Paul Decl., **Exhibit "4"**.

**Default History and Actions in State Court.**

Empire and Nguyen-Ha Living Trust defaulted under the terms of the Note and Deed of Trust, among other things: (i) failing to make installment payments due and thereafter; (ii) failing to pay the loan off on or before the maturity date of 07/28/2012.  Through July 28, 2022, the total amount due to Secured Creditor was $483,285.29.  Additional amounts continue to accrue, including, among other things, non-default rate interest, legal, administrative and other fees and costs.

On 02/25/2021, Secured Creditor caused a Notice of Default to be recorded against the Property due to the defaults under the loan.  See Paul Decl., **Exhibit "5"**.  A trustee's sale of the Property was originally scheduled for 6/23/2021.  See Paul Decl.,  **Exhibit "6"**.  On 05/02/2021, Secured Creditor enforced rent assignment provision in the Deed of Trust as authorized by

California *Civil Code* § 2938(c) using **prescribed form** pursuant to California *Civil Code* § 2938(k). See Paul Decl., **Exhibit "7"**.

Empire and Nguyen-Ha Living Trust filed a motion for Preliminary Injunction in Santa Clara Superior Court to stop the foreclosure proceeding in a case known as *Empire Investments LLC et.al. v Paul Kim Phong Nguyen et.al.*, Case No. 21CV379828. The Court issued an order granting preliminary injunction on 6/8/2021. On 01/20/2022, the Court granted Secured Creditor a demurrer to Borrowers and Debtor's Second Amended Complaint. RJN, **Exhibit "1"**. Empire and Nguyen-Ha Living Trust filed a motion with the Court to vacate the demurrer order pursuant to CCP § 473(b); which was denied on 5/25/2022. RJN, **Exhibit "2"**.

On 3/15/2022, Empire and Nguyen-Ha Living Trust filed motion for contempt and expand the scope of the 06/08/2021 preliminary injunction. The Court denied the motion because "*The Court issued an order sustaining a demurrer without leave to amend to [debtor's] Second Amended Complaint on January 26, 2022. The Court finds that it does not have jurisdiction to issue an Order to Show Cause because there is currently no operative complaint*". RJN, **Exhibit "3"**.

On 07/05/2022, a new Notice of Sale was recorded against the Property with new sale date scheduled for 8/10/2022. See Paul Decl., **Exhibit "8"**. On 07/13/2022, Borrowers and Debtor filed an *ex parte* motion to enforce preliminary injunction and contempt. On 07/15/2022, The Court denied the motion wherein "*The Court will not enforce a preliminary injunction or issue an OSC re Contempt where a demurrer to the Second Amended Complaint was granted without leave to amend*". RJN, **Exhibit "4"**.

On 7/8/2022, Debtor and Original Borrowers circumvented the Court's order and filed a new case without leave of court. The case is known as *Empire Investments LLC et.al. v Paul*

*Kim Phong Nguyen et.al.*, Case No. <u>22CV398824</u>. In a desperate move to delay foreclosure, on 07/20/2022, Debtor filed an *Ex Parte* Application for a Temporary Restraining Order and Preliminary Injunction in the newly filed case. On 07/22/2022, the Court denied Debtor's TRO and OSC request because it failed "***to establish a likelihood of success on the merits***". RJN, **Exhibit "5"**.

On 07/14/2022, Debtor filed a motion for reconsideration of the 07/15/2022 order denying Debtor's motion for contempt. On 07/22/2022, Debtor filed a Writ of Mandate with the California 6th Appellate District to compel trial court to reverse the 5/25/2022 denial of vacating demurrer order. <u>See</u> Paul Decl., **Exhibit "9"**. At the same time, Debtor filed its Notice of Appeal with the California 6th Appellate District, appealing the 5/25/2022 order even though judgment of dismissal has not been entered by trial court. RJN, **Exhibit "6"**.

A Judgment of Dismissal with Prejudice was signed by the Court against Empire and Nguyen-Ha Living Trust on September 20, 2022. RJN, **Exhibit "7"**.

On 8/27/2009, Debtor in her individual capacity filed a lawsuit in Santa Clara Superior Court to stop a foreclosure, *Teri Nguyen v. Mortgage Electronic Registration System, Inc., Countrywide Home Loans, America's Wholesale Lender and Reconstruct Company, N.A.*, Case No. 2009-1-CV-150842. Defendants removed the case to California Northern District Court on 05/14/2010 and was assigned Case No. 5:10-cv-02062-RMW. **ECF Doc# 1**. On 07/15/2010, the case was <u>dismissed with prejudice</u>. **ECF Doc# 16**.

On 9/29/2009, First Century Plaza LLC ("First Century") filed *First Century Plaza LLC v. Sorrento Pavillion LLC, Teri H. Nguyen and Vinh D. Nguyen*, case number 2009-1-CV-153711, in the Santa Clara Superior Court. On 6/24/2011, First Century filed Motion for Summary Judgment against the Borrowers, Teri H. Nguyen and Vinh D. Nguyen aka Vince D.

Nguyen. On 09/01/2011, the Court entered a judgment against Teri H. Nguyen and Vinh D. Nguyen. RJN, **Exhibit "8"**. An abstract of judgment was issued on 09/02/2011 but was not recorded.

### Debtor's Bankruptcy Legal Actions.

On 05/27/2011, Chapter 7 trustee Mohamed Poonja filed an adversary complaint against borrowers Teri H. Nguyen and Vinh D. Nguyen in California Northern Bankruptcy Court (San Jose) to recovery fraudulent transfer of money/property, *Mohamed Poonja, Trustee v. Teri H. Nguyen et.al.*, case number 11-05169. The core proceeding was *In re First Financial Lender*, Chapter 7, California Northern Bankruptcy Court (San Jose) case number 10-55096. On 05/16/2013, the bankruptcy court entered a judgment against Teri H. Nguyen. RJN, **Exhibit "9"**.

### Bankruptcy Filed on Eve of Entry of Judgment and Foreclosure Sale.

*Empire Bankruptcy Petition Case No. 22-50645 (Assigned to Hon. Johnson)*:

On July 24, 2022, as Secured Creditor was preparing his response Writ of Mandate pending in the California 6th Appellate, Empire filed a skeleton petition commencing the instant chapter 11 case (See, **ECF Doc #1**.) A true and correct copy of Docket is attached to Paul Decl., **Exhibit "10"**. The filing of Empire's bankruptcy prevented the state case initiated by Debtor to proceed to judgment and stop the foreclosure sale scheduled for 08/10/2022.

Empire's petition confirms that this case is a Single Asset Real Estate as defined in 11 U.S.C. § 101(51B). Empire listed 2 secured creditors including movant. Despite other secured claimed has a zero ($0.00) balance, Empire listed such claim balance of $682,975.21. See, ECF **Doc# 36** Page 8 (Schedule D). Empire has NO unsecured claim. See ECF **Doc# 36** Page 10 (Schedule E/F). Empire conducts NO business, except for rent generated by the single Property

that has been assigned to Secured Creditor. See **ECF Doc# 36** Page 14, Statement of Financial Affairs.

On 09/06/2022, the Court granted Movant's Motion for Relief From Stay and took his Motion to Dismiss and Motion for Sequester of Cash Collateral under submission. See **ECF Doc# 65**. On 09/22/2022, the Court issued an oral rulings and held that Empire's bankruptcy petition was filed in bad faith and issued an order to dismiss the bankruptcy for cause. See **ECF Doc# 84**. The Court held as follows:

> Empire and Nguyen-Ha Living Trust filed two state court lawsuits against Paul with almost identical causes of actions. The litigation involved multiple parties on both sides. The true plaintiffs in these cases were not Empire but is Debtor Teri Nguyen. Empire's bankruptcy filing was "*frankly about obtaining a tactical advantage in state court litigation with Paul.*" In addition, Empire and Nguyen-Ha Living Trust **misrepresented** the nature of automatic stay in the state court and used it as a litigation injunction to obtain an advantage while they continued to litigate against Paul in two state court matters. Essentially, Empire and Nguyen-Ha Living Trust "*convert the automatic stay from a shield to a sword for the sole purpose of frustrating a single creditor, Paul.*" These are evidence of bad faith.
> The Court further found that Empire's bankruptcy "*has no bankruptcy purpose, despite Empire attempted to have manufactured one.*" Debtor and Empire's theory behind their bankruptcy purpose "*borders on senseless.*" These theories "*makes no sense*" given Empire and Debtor's prior sworn statements in state court that contradicted their theory.

### III. DISCUSSION

#### A. The Court Should Dismiss This Case for "CAUSE" under Section 1307(c).

This Court *In Re Empire Investments LLC*, case No. 22-50645 held few days ago that the Empire's bankruptcy case "*has no bankruptcy purpose, despite debtors attempted to have manufactured one*". Empire and this Debtor made multiple **misrepresentations** and **false statements** to the state court as well as this bankruptcy court. The bankruptcy of Empire (and now this Debtor over the same subject property) "*is frankly about obtaining a tactical advantage*

*in the state court litigation with Paul.*" Empire (and now this Debtor) "*converted the automatic stay from a shield to a sword for the sole purpose of frustrating a single creditor, Paul.*"

This Court *In Re Empire Investments LLC*, courts held overwhelmingly that "a lack of good faith in filing a Chapter 11 petition establishes cause for dismissal" or granting relief from automatic stay. *Marsch v. Marsch* (*In re Marsch*), 36 F.3d 825, 828 (9th Cir. 1994). In context of Chapter 13, lack of good faith also establishes cause of dismissal with prejudice. *In re Duran,* 630 BR 797 (Bankr. Appellate Panel, 9th Circuit 2021). The filing of a bankruptcy in bad faith also constitutes "cause" pursuant to 11 U.S.C. § 362(d)(1) to terminate or lift the stay to permit a party to conclude litigation or the exercise of remedies in a non-bankruptcy court. *In re Phoenix Piccadilly, Ltd.*, 849 F.2d 1393 at 1394 (11th Cir. 1988). The same standard of bad faith that is applied to determine whether a case should be dismissed under U.S.C. § 1112(b) may also be used to determine whether there is cause to lift the stay. *Id*. However, a finding that the factors are insufficient for purposes of dismissal does not mean that they are insufficient for purposes of stay relief. *In re Dixie Broad., Inc.*, 871 F.2d 1023, 1029 (11th Cir. 1989).

In deciding whether a case was filed in bad faith, courts look at a variety of factors, including but not limited to whether: "(1) the debtor has only one asset; (2) the debtor has an ongoing business to reorganize; (3) there are any unsecured creditors; (4) the debtor has any cash flow or sources of income to sustain a plan of reorganization or to make adequate protection payments; and (5) the case is essentially a two-party dispute capable of prompt adjudication in state court." *In re St. Paul Self Storage Ltd. P'ship*, 185 B.R. 580, 582-83 (9th Cir. BAP 1995).

This Court, *In Re Empire Investments LLC* case, analyzed factors stated *In re St. Paul Self Storage Ltd. P'ship* and found that Empire (including Teri now Debtor) acted in bad faith and dismissed such bankruptcy for cause. Empire and now Debtor's bankruptcies are based on

the same facts as nothing changed within 30 minutes when this Court made its rulings and Debtor filed her Chapter 13 petition.

Therefore, Movant respectfully requests that this Court granted this motion to dismiss chapter 13 with prejudice under 11 U.S.C § 1307(c).

## IV. CONCLUSION

Movant believes that automatic stay under Section 362 does not apply to the property commonly known as 12329 Kosich Place, Saratoga, CA 95070 ("Property"). Such Property is not part of Bankruptcy Estate under 11 U.S.C § 541 as Debtor acted on behalf of Nguyen-Ha Trust sold it to Empire Investments LLC on or about 09/13/2011. Nevertheless, Movant seeks the Court judicial confirmation that no stay is applicable to the subject property in this case.

Should Movant's analysis is incorrect as to applicability of the stay in this case, Movant requests the Court to grant his request for in rem relief under 11 U.S.C. § 362(d)(1).

WHEREFORE, Secured Creditor prays for judgment as follows:

1. For an order confirming that automatic stay does not apply to the foreclosure under Movant's Deed of Trust because the subject Property is not part of this bankruptcy estate.
2. If automatic stay is applicable, for an Order granting relief from the automatic stay under 11 U.S.C. §362(d)(1), and if recorded in compliance with applicable state laws governing notices of interests or liens in the Property, the Order shall be binding and effective under 11 U.S.C. §362(d)(1) in any other bankruptcy case purporting to affect the Property filed not later than two (2) years after the date of entry of this Order, except that a debtor in a subsequent bankruptcy case may move for relief from this Order based upon changed circumstances or for good cause shown, after notice and a hearing. Any federal, state or

local governmental unit that accepts notices of interests or liens in real property shall accept a certified copy of this Order for indexing and recording.

3. For an Order that the fourteen day stay described by Bankruptcy Rule 4001(a)(3) be waived.

4. For such other relief as the Court deems proper.

Dated: September 24, 2022                                    Respectfully Submitted;

_____
By: PAUL NGUYEN
Secured Creditor