PAUL NGUYEN
9353 Bolsa Ave #F8
Westminster, CA 92683
Telephone: (657) 254-7579
Email: p2011nguyen@gmail.com

*Secured Creditor*

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

In Re:

TERI NGUYEN;

                Debtor.

Case No.: 22-50853 (MEH)

Hon. M. Elaine Hammond

Chapter 13

*EX PARTE* **MOTION OF SECURED CREDITOR PURSUANT TO B.L.R. 9006-1 REQUESTING ORDER SHORTENING TIME FOR HEARING ON SECURED CREDITOR'S (I) MOTION TO DISMISS, (II) MOTION CONFIRMING NO STAY AS TO REAL PROPERTY 12329 KOSICH PL OR, ALTERNATIVELY, FOR RELIEF FROM AUTOMATIC STAY**.

Date:     September 29, 2022 (*Requested*)
Time:     2:30 p.m.
Location:  Via Zoom

**TO THE HONORABLE M. ELAINE HAMMOND,
UNITED STATES BANKRUPTCY JUDGE:**

Secured Creditor Paul Nguyen ("Paul") respectfully submits this *ex parte* application ("Application"), pursuant to Rule 9006(c) of the Federal Rules of Bankruptcy Procedure and Rule 9006-1(c) of the Bankruptcy Local Rules, for entry of an order substantially in the form attached as **Exhibit A** shortening time for service of notice and a hearing with respect to the (I) Motion to

Dismiss Chapter 13 Case and (II) Motion Confirming No Stay As To Real Property 12329 Kosich Place, Or Alternatively, For Relief From Automatic Stay (the "Motions") filed concurrently with this Application and limiting notice of such Motion. In support of this Application, Secured Creditor respectfully submits as follows:

## I. BACKGROUND

Secured Creditor Paul Nguyen ("Paul") holds the original Promissory Note dated 07/28/2011, in the principal amount of $215,000.00, which is secured by the Deed of Trust signed by Teri H. Nguyen ("TERI") and Vinh D. Nguyen a/k/a Vince D. Nguyen ("VINH"), **as Trustees** of Nguyen-Ha Living Trust Dated 12/10/2004 ("NGUYEN-HA Trust" or "Original Borrowers") and recorded in Santa Clara County Recorder on 08/25/2011 as instrument number 21291910. True and correct copies of the Promissory Note and Deed of Trust are attached to Declaration of Paul Nguyen as Exhibit **"1"** and **"2"**, respectively. The property is commonly known as 12329 Kosich Place, Saratoga, CA 95070 ("Property").

On or around 09/13/2011, NGUYEN-HA Trust sold the Property to Empire Investments LLC ("Empire") by way of grant deed subject-to existing encumbrances. See Paul Decl., Exhibit **"3"**.

Empire filed a Chapter 11 bankruptcy petition in United States Bankruptcy Court, Northern District Of California, San Jose Division on 07/24/2022, Case No. 22-50645 (22-50645 ECF Doc 1). The case was assigned to Honorable Stephen L. Johnson. Empire's sole LLC member and Manager is Justin Nguyen (22-50645 ECF Doc. 71). TERI purportedly acted as Manager of Empire, who prepared and signed the petition and schedules on the behalf of Empire.

The Court held hearings on Paul's Motion for Relief from Automatic Stay, Motion to Dismiss Chapter 11 and Motion for Sequestration. On 09/07/2022, the Court granted Paul's Motion for Relief from Automatic Stay. (22-50645 ECF Doc. 65) and took other motions under submission. On 09/22/2022, the Court held a hearing for oral ruling on Paul's Motion to Dismiss.

The Court ordered Empire's bankruptcy dismissed for cause based on its oral rulings. (22-50645 ECF Doc. 65). The Court concluded its oral ruling at approximately 12:00 p.m. on 09/22/2022. Debtor TERI immediately filed this Chapter 13 at approximately 12:10 p.m. (ECF Doc. 1).

Judge Johnson's found Empire's bankruptcy chapter 11 filing lacked good faith and that cause exists for dismissal. In the oral rulings, the Court found as follows:

> Empire filed two state court lawsuits against Paul with almost identical causes of actions, and the litigation involved multiple parties on both sides. The true plaintiffs in these cases were not Empire but is Debtor Teri. Empire's bankruptcy filing was "*frankly about obtaining a tactical advantage in state court litigation with Paul.*" In addition, Empire (including Teri and Vinh as Plaintiffs in state court lawsuits) **misrepresented** the nature of automatic stay in the state court and used it as a litigation injunction to obtain an advantage while they continued to litigate against Paul in two state court matters. Essentially, Empire and Debtor "*convert the automatic stay from a shield to a sword for the sole purpose of frustrating a single creditor, Paul.*" These are evidence of bad faith.
>
> The Court further found that Empire's bankruptcy "*has no bankruptcy purpose, despite Empire attempted to have manufactured one.*" Debtor and Empire's theory behind their bankruptcy purpose "*borders on senseless.*" These theories "*makes no sense*" given Empire and Debtor's prior sworn statements in state court that contradicted their theory.

Debtor, in an individual capacity, currently has no legal or equitable interest in the subject Property because Nguyen-Ha Trust sold it to Empire in 2011 (22-50645 ECF Doc 76). Debtor has no equity interest in Empire (22-50645 ECF Doc 71) and has no possessory interest of the subject property (22-50645 ECF Doc 49).

II. **RELIEF REQUESTED**

Pursuant to Rule 9006(c) of the Federal Rules of Bankruptcy Procedure and Bankruptcy Local Rule 9006-1, Secured Creditor respectfully requests that the Court enter an order in the form attached hereto as **Exhibit A** specially setting a hearing date for the Motion on September 29, 2022 at 2:00 p.m., or as soon thereafter as the Motions may be heard. Secured Creditor further requests that the order provide that any objections or responses to the Motion must be submitted in writing and filed by no later than 24 hours prior to the hearing.

To date, all ECF registered filers (including the United States Trustee, Chapter 13 Trustee, and any parties requesting special notice who are ECF certified) have already been served through ECF with the Motion and supporting papers, as well as with this *ex parte* application. Secured Creditor proposes that it serves debtor, all creditors and interested parties in the case, as well as any parties requesting special notice, with the Motion and supporting papers, together with the Court's order shortening time, promptly by electronic mail following entry of the order shortening time.

### III.     NEED FOR PROMPT RELIEF

Secured Creditor respectfully submits that compelling circumstances and good cause exist in this case to shorten the notice period for the hearing to consider the Motion to Dismiss under 11 U.S. Code § 1307(c) and Motion for Relief from Automatic Stay under 11 U.S. Code §§§§ 362(a)(4), (c)(1), (d)(1), (d)(2) and (d)(4).

First, Debtor does not qualify for Chapter 13 because its secured claims exceed jurisdictional limit. Debtor actively conceal its $2.5M secured claim of another property in which Debtor was the original borrower. Debtor's transferred legal title to her LLC, whom filed for bankruptcy protection. Such case is pending in this Court and is known as *In Re Rose Court LLC*, Case No. 19-31225 and adversary proceeding Case No. 19-03058.

Second, Debtor has no legal or equitable interest in the Subject property and misrepresented this bankruptcy automatic stay as to the subject Property. Debtor's misrepresentations can readily be found in the Court's oral rulings *In Re Empire Investments LLC*.

Third, this Court has found that Empire's petition was part of the delay and hinder creditor whose claim is secured by the subject Property.

Fourth, this serial bankruptcy filing is egregious as it continues for "*the sole purpose of frustrating a single creditor, Paul*" as determined by Hon. Johnson in *In Re Empire Investments LLC*.

Finally, the Secured Creditor do not believe that any parties in interest will be prejudiced by the expedited Hearing. Debtor is fully aware of the basis for relief from stay and dismissal in the Empire bankruptcy case. She participated in such case as a purported LLC manager. There has been no change in facts or laws IN 30 MINUTES when this Court orally found Empire acted in bad faith and dismissed the case and her filing of this new Chapter 13 case.

## IV.     PREVIOUS REQUESTS FOR TIME MODIFICATIONS

No time modifications have been previously requested with respect to the Motion.

## V.     EFFECT OF REQUEST FOR SHORTENED TIME

Secured Creditor does not believe that the requested time modification will have an effect on other aspects of this case.

## VI.     CONCLUSION

For all of the foregoing and proper reasons, Secured Creditor requests that the Court grant this Application and enter an order in the form attached hereto as Exhibit A: (i) shortening time and scheduling the hearing on the Motions for September 29, 2022 at 2:30 p.m., or as soon thereafter as the Motion may be heard; (ii) providing that service of the Motion and supporting papers, as well as the order shortening time, be served promptly on all creditors and interested parties, and any parties requesting special notice; and (iii) providing that any opposition or responses to the Motion must be made in writing and filed by no later than 24 hours prior to the hearing on the Motion.

Dated:  September 24, 2022                                    Respectfully Submitted;

_____
By: PAUL NGUYEN
Secured Creditor